DATTNER *v.* WEISZ.

1. JUSTICES OF THE PEACE—APPEALS—PLEADING — LACHES — DIS-CRETION OF COURT—ABUSE OF DISCRETION.

Where nearly four months had elapsed after an appeal was taken in an action in the justice's court by one broker against another to recover plaintiff's share of a commission for assisting in the sale of a saloon, stock, fixtures and business before plaintiff filed the notice for trial of the case in the circuit court, and nearly five months

elapsed from the time the appeal was taken to the time
of the trial, and during such time defendant took no
steps to form an issue, the court did not abuse its dis-
cretion in refusing to allow defendant to file a plea of the
general issue, with notice of failure of consideration and
illegality of contract in place of a plea of the general
issue only.

2. SAME—APPEALS—PLEADING—JUDICATURE ACT—COURT RULES.
   Under the judicature act, Act No. 314, Pub. Acts 1915, chap.
   78, § 17 (3 Comp. Laws 1915, § 14417), providing that on
   filing the return of a justice of the peace the circuit court
   shall become possessed of the cause the same as if it had
   been originally commenced in the appellate court, and
   Circuit Court Rule No. 23, § 2, providing that any affirm-
   ative defense such as payment, release, satisfaction, dis-
   charge, license, fraud, duress, estoppel, statute of frauds,
   illegality, that an instrument is either void or voidable,
   want of consideration and any defense which by other
   affirmative matter seeks to avoid the legal effect or defeat
   plaintiff's action as stated in the declaration, and any
   ground which, if not raised by the pleadings, would be
   likely to take the other party by surprise, must be set
   forth in notice added to defendant's plea, the defense of
   illegality of contract and want of consideration cannot
   be proved under simply a plea of the general issue in a
   case in the circuit court appealed from the justice's court.

3. BROKERS — COMMISSIONS — TERMS OF CONTRACT — EVIDENCE —
   QUESTION FOR JURY.
   Where the evidence was conflicting as to whether or not
   by the terms of the contract plaintiff had agreed to assist
   defendant broker in the sale of another saloon, and plain-
   tiff had failed to do so, and that in that regard the con-
   tract for commissions differed from that testified to by
   plaintiff, the court erred in directing a verdict for plaintiff.

Error to Wayne; Van Zile, J. Submitted June 21,
1917. (Docket No. 107.) Decided September 27,
1917.

Assumpsit in justice's court by Henry Dattner
against Andrew Weisz for moneys had and received.
There was judgment for plaintiff, and defendant ap-

pealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Cornelius & Ring,* for appellant.

*Harry J. Lippman,* for appellee.

STONE, J. This case originated in justice's court in the city of Detroit, where the defendant did not appear, and where a judgment was entered for the plaintiff on June 30, 1916. An appeal was taken by the defendant to the circuit court for the county of Wayne, and the justice made return of said appeal on July 1, 1916. The case appears to have been placed on the appeal docket for trial, and came on for trial on November 17, 1916, upon notice by the plaintiff. After a jury was impaneled, counsel for defendant called the court's attention to the fact that there was no issue in the case, and asked the permission of the court to file a plea of the general issue. Counsel for plaintiff consented to the filing of such plea, but defendant's counsel immediately thereafter asked leave to file a plea of the general issue with notice of failure of consideration, and illegality of contract. This was objected to by plaintiff's counsel, he claiming that plaintiff should have some notice, and called attention to the fact that the appeal had been taken by the defendant, after judgment by default. After a colloquy between the court and counsel, it was finally ruled that the plea of the general issue only would be permitted to be filed. This ruling was excepted to by defendant's counsel, and no adjournment or postponement of the trial was asked for by either party, and the trial proceeded.

The declaration was on the common counts in assumpsit, and there was a bill of particulars by the plaintiff for moneys had and received, $250 and in-

terest. The plaintiff gave evidence tending to show
that he had assisted the defendant in making a sale
of a saloon, stock, fixtures, and business in the city of
Detroit, and that they were to divide the commission
of $500 equally, and that the defendant had received
the commission of $500, but refused to divide the same
with the plaintiff, although defendant had given the
plaintiff his check for $250, but that payment by the
bank had been refused for lack of funds. The defend-
ant sought to show that the sale included the sale of a
liquor license, and that the contract was illegal and
void, and hence that there was no valid consideration
for the promise, if made. The court excluded such pro-
posed evidence, ruling that the same could not be re-
ceived under the plea of the general issue, to which
ruling defendant's counsel excepted. Similar offers
and rulings were repeated upon the trial. The de-
fendant further claimed that the plaintiff, as a part
of the contract was to assist him in the sale of another
saloon, which the plaintiff had failed to do, and claim-
ing that the contract differed from the one testified to
by the plaintiff in that regard. Such evidence was
received upon the trial.

At the close of the plaintiff's evidence defendant's
counsel moved the court for a directed verdict, upon
the ground that it conclusively appeared by plaintiff's
own testimony that the subject-matter of the sale con-
sisted of a saloon and of a license, and that it was an
illegal sale, against public policy, and that the plaintiff
could not recover. This motion was denied, whereupon
defendant's counsel said that the only testimony he
desired to offer was along that line, whereupon the
court directed a verdict and judgment to be entered
for the plaintiff.

The defendant has brought the case here upon writ
of error, and the first assignment of error is that the
court erred in refusing to allow defendant to enter a

plea of the general issue with notice of failure of consideration and illegality of contract. There are a number of assignments of error relating to the introduction of evidence, which we do not think contain any merit. The 12th assignment of error is to the effect that the court erred in refusing to permit defendant to introduce evidence to show the illegality of the contract. The 13th assignment of error is that the court erred in refusing to direct a verdict for the defendant at the conclusion of the plaintiff's case, upon the ground that the agreement entered into was illegal. The 14th assignment of error is to the effect that the court erred in refusing to submit to the jury the question of fact raised by the evidence.

1. It is the claim of the defendant that the court erred in refusing to allow him to file a plea of the general issue, with notice of failure of consideration and illegality of contract. We think that this matter was addressed to the sound legal discretion of the trial court, and we cannot say that that discretion was abused. Nearly four months had elapsed from the time the appeal was made before the plaintiff filed the *præcipe* or notice for the trial of the case in the circuit court, and nearly five months elapsed from the time the appeal was taken to the time of the trial of the case. During that time it does not appear that the defendant took any steps to put himself in condition for the trial of the case by the forming of an issue. The court, under the circumstances, and then only by consent of plaintiff's counsel, permitted defendant to file a plea of the general issue. Courts are usually loath to permit amendments at the trial that will make a continuance necessary, or injure the opposite party if compelled to proceed to trial at once. We find no error in the ruling of the court upon this subject.

2. It is apparent that the evidence offered by the defendant, tending to show illegality of contract and

want of consideration, could not have been received under the plea of the general issue, and the court was correct in ruling out such testimony, and in refusing to direct a verdict for the defendant upon that ground. Section 17 of chapter 78 of the judicature act (3 Comp. Laws 1915, § 14417), provides that, on filing the return of the justice, the circuit court shall become possessed of the cause the same as if it had been originally commenced in said appellate court, and subject to the same rules and regulations. Section 2 of Circuit Court Rule No. 23 provides as follows:

"An affirmative defense, such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, statute of frauds, illegality, that an instrument or transaction is either void or voidable in point of law, want or failure of consideration in whole or in part, and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the plaintiff's declaration, and any ground which, if not raised on the pleadings, would be likely to take the opposite party by surprise, must be plainly set forth in a notice added to the defendant's plea."

Clearly, the defense of illegality of contract and want of consideration could not be made under a plea of the general issue. There was no error, therefore, in the ruling of the court in this regard.

3. The 14th assignment of error is to the effect that the court erred in refusing to submit to the jury the question of fact raised by the evidence. An examination of the record discloses that there was a disputed question of fact as to whether or not by the terms of the contract the plaintiff had agreed to assist the defendant in the sale of another saloon, which the plaintiff had failed to do, and that in that regard the contract made differed from the one testified to by the plaintiff. Such evidence was received upon the trial. We are constrained to hold, therefore, that the court

erred in directing a verdict for the plaintiff, and in not submitting that question to the jury under proper instructions.

For this error the judgment of the circuit court is reversed, and a new trial granted, with costs to the appellant.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.